UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROGRESSIVE SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                    Case No: 6:23-cv-501-JSS-RMN

BRENT A. MORRIS, DAVID
MORRIS, LOUIS FRANCIS DE
LUSTRO, ANDREW JEFFREY ORR,
BRISKE TRANSPORTATION, INC.
and STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendants.
_____/

# ORDER

On October 7, 2024, the court ordered Plaintiff, Progressive Specialty Insurance Company (Progressive), to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Dkt. 70.) Plaintiff timely filed a response. (Dkt. 72.) For the reasons set forth below, this case is dismissed without prejudice as the court lacks subject matter jurisdiction.

## BACKGROUND

Progressive issued a commercial automobile insurance policy governed by Alabama law (Policy, Dkt. 1-1) to Brent A. Morris and David Morris (the Insured Defendants). (Dkt. 1 ¶ 11–17.) On July 18, 2022, at approximately 11:30 A.M.,

Defendant David Morris was driving the insured semi-trailer on the Florida Turnpike, hauling 78 cows. (*Id*. ¶¶ 19–20.) During the drive, an engine fire started, which prompted Morris to release the cows onto the highway. (*Id.* ¶¶ 20–22.) The Florida Highway Patrol and other government agencies recovered and removed all of the cows except for one. (*Id.* ¶ 24.) Twelve hours later, Defendant Francis De Lustro, who was riding his motorcycle in the area where the cows had been released, hit the remaining cow, and was thrown from his motorcycle into a grassy embankment. (*Id.* ¶¶ 25, 28, 29, 32.) Defendant DeLustro's motorcycle remained in the road following the accident. (*Id.*)

Thereafter, Defendant Andrew Jeffrey Orr, driving a semi-truck in the same lane as Defendant De Lustro, struck De Lustro's motorcycle. (*Id.* ¶¶ 26, 30–31.) The accident caused Defendant Orr to drive off the road and crash in a wooded area. (*Id*.) Defendant State Farm Mutual Automobile Insurance Company (State Farm) insured De Lustro's motorcycle. (*Id.* ¶ 29.) Orr's semi-truck was owned by Defendant Briskie Transportation, Inc. (Briskie) and insured by Defendant Northland Insurance Company (Northland). (*Id.* ¶¶ 26–27.)

On March 17, 2023, Progressive filed its complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that Progressive has no duty under the Policy to defend or indemnify the insured Defendants in any underlying lawsuits that could potentially be bought by Northland,[1] Francis De Lustro, Andrew

---

[1] Defendant Northland Insurance Company was dismissed from this action. (Dkt. 25.)

Jeffrey Orr, Briskie, and State Farm (the Third-Party Defendants[2]).  (*Id.* ¶ 46.) Progressive also requests that the court enter a declaratory judgment declaring that the Policy does not provide the Insured Defendants coverage for any bodily injury, property damage, or subrogation claims that may potentially arise from the Third-Party Defendants.  (*Id.*)

## APPLICABLE STANDARDS

Article III of the Constitution limits federal courts to adjudicating actual "cases" and "controversies."  U.S. Const. art. III, § 2, cl. 1; *see also Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1273 (11th Cir. 2001).  In all federal cases, the threshold question is whether a justiciable controversy exists.  *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991).  Likewise, the Declaratory Judgment Act states in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "[T]here is . . . nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment

---

[2] A third-party in this context—insurance law—is any party besides the insured and the insurance company.  *See Webber v. Nat'l Gen. Assur. Co.*, No. 4:14cv490-MW/CAS, 2015 WL 1190034, at *3 (N.D. Fla. Mar. 16, 2015) (explaining that third-party coverage is liability coverage that protects the insured from claims or lawsuits filed by other parties and requires the insurance company to defend such claims) (citing *MI Windows & Doors, LLC. v. Liberty Mut. Fire Ins. Co.,* No. 8:14–CV–3139–T–23MAP, 2015 WL 738031, at *4 (M.D. Fla. Feb. 20, 2015).

action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (internal quotation marks omitted).

The "existence of a justiciable controversy is a jurisdictional requirement." *Cummings v. State Farm Mut. Auto. Ins. Co.*, 323 F. App'x 847, 848 (11th Cir. 2009) (citing *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). To allege that a justiciable controversy exists, the party invoking federal jurisdiction must allege facts in the complaint that plausibly support "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlanta Gas Light Co.*, 68 F.3d at 414 (quoting *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941)); *see also A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) (explaining that the controversy between the parties as alleged in the complaint cannot be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury" (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985))); *Halder v. Standard Oil Co.*, 642 F.2d 107, 110 (5th Cir. Unit B 1981) (explaining that there must be a case or controversy that is real, substantial, and susceptible to specific relief through a decree of conclusive character because federal courts lack subject matter jurisdiction to express legal opinions "advising what the law would be upon a hypothetical state of facts") (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)).

If "a federal court concludes that it lacks subject[]matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (explaining that federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party).

## ANALYSIS

In response to the court's Order to Show Cause (Dkt. 70), Plaintiff, without citing any supporting legal authority, contends that a legitimate controversy exists between the parties because Defendant De Lustro filed a lawsuit against the Insured Defendants after Progressive filed its complaint in the instant action and that lawsuit remains pending. (Dkt. 72 at 2.) Progressive thus concedes that there was no real and immediate controversy when it filed its complaint. *A&M Gerber Chiropractic LLC*, 925 F.3d at 1210 ("The party who invokes a federal court's authority must show, at an irreducible minimum, that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct . . . ."). Instead, Progressive seeks an advisory opinion from the court because:

> [i]n an unusual maneuver, despite [the fact] that no claims have been formally asserted against [Progressive], either through the insurance process or legal proceedings, [Progressive] has preemptively filed this action for declaratory relief against [its insureds] and all parties involved [in the incident] to determine whether the policy issued [to their insureds] provides coverage for the accident.

*Nat'l Gen. Ins. Online, Inc. v. Black*, No. 5:15-cv-111-Oc-30PRL, 2015 WL 5009703, at *3 (M.D. Fla. Aug. 24, 2015); *see id.* at *2–3 (dismissing the plaintiff insurer's complaint for declaratory relief because, although the plaintiff had been notified of potential lawsuits against its insured, "the mere existence of known injuries is

insufficient to rise to the level of a 'substantial controversy' of 'immediate sufficiency' to warrant declaratory judgment," and instead that the plaintiff was required to "establish a dispute regarding coverage, which would require showing . . . that the claimants with known injuries have sought recompense from the [insured], and the [insured] ha[s] in turn demanded coverage and defense from [the plaintiff], which [the plaintiff] has denied"). *See also Cummings*, 323 F. App'x at 848 (affirming the district court's dismissal of a case seeking a declaration pursuant to the Declaratory Judgment Act because the plaintiff failed to allege facts plausibly supporting an actual or threatened injury and thus failed to show that a justiciable controversy existed); *Miller v. F.C.C.*, 55 F.3d 1140, 1145 (11th Cir. 1995) ("The prohibition on advisory opinions is a logical corollary of the case or controversy requirement. 'Thus, no justiciable controversy is presented . . . when the parties are asking for an advisory opinion . . . .'" (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968))).

The lack of justiciable controversy is further evidenced by Progressive seeking a declaration that "Progressive has no duty to defend" the Insured Defendants "should a lawsuit be brought against" the Insured Defendants by the Third-Party Defendants. (Dkt. 1 ¶ 46.) *See United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) ("[T]his court 'is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law . . . .'" (quoting *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308 (1893))). Courts have held there is a justiciable controversy when, before the complaint was filed, the insurer denied coverage or when an insured made a demand for coverage, but not where a complaint

does not allege that the insurer had denied or threatened to deny a claim by the insured regarding the issue in the case. *See Great Lakes Reinsurance (UK) PLC v. Unplugged, LLC*, No. 6:17-cv-2027-Orl-22DCI, 2018 WL 11482218, at *3 (M.D. Fla. July 16, 2018) (collecting cases). In the absence of any lawsuits pending against the Insured Defendants before the complaint was filed, the complaint does not state whether the Insured Defendants sought coverage or whether Progressive denied coverage for claims that potentially arose from the incident. (*See generally* Dkt. 1.) Nevertheless, because the lawsuit currently pending between Defendant De Lustro and the Insured Defendants now establishes a justiciable controversy between Plaintiff and the parties in that underlying lawsuit, Plaintiff may file a declaratory action against the Insured Defendants and Defendant De Lustro if it chooses to do so.

The court concludes that this case is due to be dismissed for lack of subject matter jurisdiction because an actual case or controversy as contemplated by the Declaratory Judgment Act is not apparent on the face of the complaint. The complaint does not state (1) whether the insureds sought coverage under the policy; (2) whether Progressive denied coverage; (3) how there is a pending justiciable controversy when, at the time the complaint was filed, no lawsuits had been filed against the Insured Defendants; and (4) does not discuss any actual or potential claims or injuries of the Third-Party Defendants that may file suit that are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Arbaugh*, 546 U.S. at 514. For these reasons, the court exercises its discretion to dismiss this case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("A district court is authorized, in the sound exercise of its

discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.").

Accordingly:

1. The complaint (Dkt. 1) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on November 8, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties